IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| IN RE | : | |
| EX PARTE APPLICATION | : | |
| OF GENERAL RETIREMENT AND | : | |
| SOCIAL INSURANCE AUTHORITY | : | |
| FOR JUDICIAL ASSISTANCE TO | : | CASE NO.: 7:24-MC-00002 (WLS) |
| OBTAIN DISCOVERY FOR USE | : | |
| IN FOREIGN PROCEEDINGS | : | |
| PURSUANT TO 28 U.S.C. § 1782 | : | |
| | : | |
| | : | |

## ORDER

Before the Court is Mark E. Williams and Wellspring Capital Group, Inc. ("the Wellspring Parties") Motion to Intervene (Doc. 15). Therein, the Wellspring Parties move to intervene in this case as a matter of right. For the reasons set forth below, the Motion to Intervene (Doc. 15) is **GRANTED**.

## I. BACKGROUND

General Retirement and Social Insurance Authority ("GRSIA") initiated this matter on December 23, 2024, by filing an *Ex Parte* Application for an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 (Doc. 1). The Application sought to obtain bank records from the Wellspring Parties' accounts at Thomasville National Bank ("TNB") for use in two pending lawsuits filed by GRSIA in the Cayman Islands ("Cayman Litigations"). The Court granted the Application on May 15, 2025, authorizing a subpoena to be directed to TNB for documents related to bank accounts held by the Wellspring Parties. (*See* Doc. 11.)

The Wellspring Parties filed the instant Motion to Intervene on June 2, 2025.[1] GRSIA filed a Response (Doc. 17) on July 7, 2025. The Wellspring Parties filed a Reply (Doc. 19) on August 4, 2025. Thus, the Motion is fully briefed and ripe for decision.

---

[1] The Wellspring Parties also move to vacate the Court's Order (Doc. 11) granting the Application and to quash the discovery subpoena directed to TNB. (See Doc. 15.) The Court, however, addresses only the Motion to Intervene at this time.

1

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 24(a)(2) provides for intervention as a matter of right where the potential intervenor "claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." A party may intervene as a matter of right if it is shown that:

> (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.

*Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996) (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)). "Once a party establishes all the prerequisites to intervention, the district court has no discretion to deny the motion." *Id.* (quoting *United States v. Ga.*, 19 F.3d 1388, 1393 (11th Cir. 1994)). Here, the Wellspring Parties argue that they may intervene as of right and that all four requirements to do so are satisfied. GRSIA does not oppose the motion to intervene or otherwise dispute that the Wellspring Parties should be allowed to intervene. (*See generally* Doc. 17.) Notwithstanding this, the Court concludes that each of the Rule 24(a)(2) requirements are met.

First, the motion requesting intervention was timely. Because GRSIA's Application was filed *ex parte*, the Wellspring Parties contend that they became aware of it on May 23, 2025—after the Court granted the Application—when counsel for GRSIA emailed a copy of the subpoena to them. (Doc. 15-1 at 14.) The Wellspring Parties filed their motion ten days later. *See In re Martinez*, 736 F. Supp. 3d 1189, 1200 (S.D. Fla. 2024) (finding request to intervene filed "roughly three weeks" after the order granting § 1782 application was timely filed). The Motion is therefore timely.

Second, the Wellspring Parties have an interest in the subject of this action, that is their private banking and account information. "In determining sufficiency of interest, this circuit requires that the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding. This interest has also been described as a direct, substantial,

2

legally protectable interest in the proceedings." *Worlds v. Dept. of Health & Rehabilitative Servs.*, 929 F.2d 591, 594 (11th Cir. 1991) (per curiam). The Wellspring Parties have an interest in these proceedings because the Application and subpoena seeks information regarding their banking and account information at TNB. The Wellspring Parties are also defendants in the ongoing Caymans Litigation.

Third, the disposition of the action—here, the outcome of GRSIA's Application—may impede or impair the Wellspring Parties' ability to protect their interests. Rule 24(a)(2) requires "that the would-be intervener be practically disadvantaged by his exclusion from the proceedings." *Huff v. Comm'r of IRS*, 743 F.3d 790, 800 (11th Cir. 2014) (citing *Chiles*, 865 F.2d at 1214); *see Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 134 n.3 ("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene."). The effect of the Court granting GRSIA's Application is that GRSIA may discover records and other sensitive information from the Wellspring Parties' bank records—information that it may then use to the Wellspring Parties' disadvantage in the Cayman Litigations. Without the ability to intervene to oppose the Application, the Wellspring Parties might ultimately be at a disadvantage.

Fourth, the Wellspring Parties' interests are not adequately represented by the existing party. "The 'inadequate representation' requirement 'should be treated as minimal' and is satisfied 'unless it is clear that [the existing parties] will provide adequate representation.'" *Huff*, 743 F.3d at 800 (quoting *Chiles*, 865 F.2d at 1214). GRSIA, as the only existing party to this proceeding, has motives and interests that are naturally adverse to the Wellspring Parties. GRSIA and the Wellspring Parties are currently adverse litigants in the Cayman Islands. Of course, this means that their interests do not align. Further, the Wellspring Parties point out that it is not certain whether TNB will seek to limit the discovery sought in the subpoena, and the bank's interests "do not necessarily align with the Wellspring Parties" despite the banking relationship. (Doc. 15-1 at 15.) Thus, the Wellspring Parties' interests will not be adequately represented unless they are allowed to intervene.

## CONCLUSION

In sum, all four requirements of Rule 24(a)(2) are satisfied, and the Wellspring Parties may intervene as a matter of right.[2] Accordingly, the Motion to Intervene (Doc. 15) is **GRANTED**.

**SO ORDERED**, this 12th day of August 2025.

                                             /s/ W. Louis Sands
                                             **W. LOUIS SANDS, SR. JUDGE**
                                             **UNITED STATES DISTRICT COURT**

---

[2] The Wellspring Parties alternatively move under Rule 24(b) for the Court's permission to intervene. (*See* Doc. 15-1 at 15–16.) Because the Court finds that the Wellspring Parties may intervene as of right, the Court does not address permissive intervention.