**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>EX PARTE APPLICATION OF GENERAL RETIREMENT AND SOCIAL INSURANCE AUTHORITY FOR AN ORDER TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782 | CIVIL ACTION FILE<br><br>NO. 7-24-mc-00002-WLS |

**STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION**

Pursuant to Federal Rule of Civil Procedure 26(c), and by agreement of Intervenors Mark E. Williams and Wellspring Capital Group Inc. (collectively, the "Wellspring Parties") and Applicant General Retirement and Social Insurance Authority ("GRSIA") (collectively, the "Parties," and each individually a "Party"), the Court finds that good cause exists for entry of a protective order to prevent unauthorized disclosure and use of confidential information during and after the course of this litigation and the foreign proceeding referenced below. Accordingly, **IT IS HEREBY ORDERED** and agreed by and between the Parties that the terms and conditions of this Stipulated Protective Order (this "Order") shall govern the disclosure and use of confidential information in this action by and between the Wellspring Parties, GRSIA, and any third parties, including Thomasville National Bank ("TNB"):

1. Any Party to this litigation and any third party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets or sensitive technical, marketing, financial, sales, or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which

the designating party otherwise believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. Any Party to this litigation or any third party who produces or discloses any Confidential material under this Order shall mark the same with the following or similar legend: "**CONFIDENTIAL**" or "**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**" (hereinafter "Confidential").

2. All documents, information, and things produced by TNB in response to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action issued by GRSIA in this action shall be initially treated as Confidential upon production and shall remain subject to that treatment for thirty (30) days after the production is made available to counsel for all Parties. Within that period, any Party or the producing third party may designate such material that shall remain as Confidential by written notice to counsel for all Parties identifying the material by Bates number, and such designation shall be effective upon service of that notice. Material not designated within that period shall thereafter no longer be subject to Confidential.

3. All Confidential material shall be used by the receiving party solely in connection with the above-captioned case or for purposes of the prosecution or defense of *Port Fund I, II, III,* or *IV* (as referred to and defined in the Order, dated July 30, 2026 (Doc. 29), and hereinafter referred to as "the Cayman Proceedings"). Such information shall not be used by the receiving party for any business, commercial, personal, or other purpose, including in any other judicial, arbitral, regulatory, administrative, or criminal proceeding in any jurisdiction, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4 of this Order, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by Order of the Court.

4. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

a. The Parties and those employees of the Parties whose duties require access to the material in order to assist in the conduct of this action or the Cayman Proceedings;

b. Counsel for the Parties, as well as personnel of counsel's respective law firms, including attorneys, paralegals, legal assistants, and litigation support services utilized by counsel for the Parties in this action and the Cayman Proceedings;

c. Outside experts or consultants retained for purposes of this action or the Cayman Proceedings, provided they have executed the Acknowledgment and Agreement to Be Bound in the form attached to this Order as **Exhibit A**;

d. The Court in this action and the Grand Court of the Cayman Islands, Financial Services Division, in the Cayman Proceedings, and those courts' personnel, as well as any competent appellate court with jurisdiction over this action or the Cayman Proceedings; and

e. Vendors retained by or for the Parties to assist in preparing for discovery or hearings, including, but not limited to, court reporters, litigation support personnel, copying and imaging services, and individuals engaged to prepare demonstrative aids, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials in this action or the Cayman Proceedings, provided that each such

vendor has executed the Acknowledgment and Agreement to Be Bound attached to this Order as **Exhibit A**.

5. If counsel for a Party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, counsel for the objecting Party shall serve on the designating party or third party a written objection to such designations, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute. The challenged designation shall remain in effect unless and until it is withdrawn in writing by the designating party or third party or the Court orders otherwise. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the objecting party may file a motion for an order regarding the challenged designation. The party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as such. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

6. Any Party filing any papers with the Court in the above-captioned case or the Cayman Proceedings that contain or reference any documents, information, or materials designated as Confidential pursuant to this Order shall take appropriate steps to request to file such papers under seal in accordance with the local rules of the Middle District of Georgia or the Grand

Court, as may be applicable in the specific context, or shall make appropriate redactions of non-relevant Confidential information.

7. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all Parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after becoming aware of an inadvertent disclosure. Such notice shall constitute a designation of the information, document, or thing as Confidential under this Order.

8. No information that is in the public domain, that is already known by the receiving party through proper and lawful means, or that is or becomes available to a party from a source other than the party asserting confidentiality, which source is rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Order. This paragraph shall not apply to information that enters the public domain or becomes available to a Party (a) as a result of any disclosure in violation of this Order, or (b) as a result of any filing, deployment, tender, reading, or other use of the material in the Cayman Proceedings; such information shall remain Confidential, as designated, notwithstanding that it has entered the public domain.

9. This Order shall not deprive any Party of its right to object to discovery by any other party on any otherwise permitted ground. This Order is being entered without prejudice to

the right of any party to move the Court for modification or for relief from any of its terms. Any such motion shall be made on written notice to counsel for all Parties and to any affected third party, and the material at issue shall remain subject to the restrictions of this Order pending disposition of the motion.

10. Entry of this Order, and compliance with the subpoena to TNB while this Order is in effect, are without prejudice to, and shall not moot, waive, limit, or otherwise affect, the appeal filed by the Wellspring Parties on August 7, 2026 (Docs. 32), or any objection, argument, or right preserved therein. Nothing in this Order shall be construed as consent by the Wellspring Parties to the production of any material or as an admission that any material is properly discoverable.

11. This Order shall survive the termination of this action and the Cayman Proceedings and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court. Any documents filed under seal pursuant to this Order shall remain under seal unless specifically ordered unsealed by the Court.

12. Upon the final conclusion of both the above-captioned case and the Cayman Proceedings, whichever occurs later, including the exhaustion of all appeals, each Party and each other person subject to the terms hereof shall, within thirty (30) days, assemble and return to the originating source all originals and copies of documents and things containing Confidential material, or in the alternative destroy the same and certify such destruction in writing to counsel for the designating party or third party. Notwithstanding the requirements of this paragraph, counsel may retain one complete set of all documents filed with the Court and all attorney work product, remaining subject to all requirements of this Order.

13. In the event that the Order entered July 30, 2026 (Doc. 29) is vacated, reversed, or modified in relevant part by the United States Court of Appeals for the Eleventh Circuit, or the

subpoena to TNB is quashed, each Party and each other person subject to the terms hereof shall, within ten (10) days of the issuance of the mandate or of such other order, return to the Wellspring Parties or destroy all Confidential material produced by TNB, together with all copies, extracts, summaries, analyses, and other documents containing or derived from such material, and shall certify such return or destruction in writing. No such material shall be used for any purpose from and after the date of such vacatur, reversal, modification, or quashing. The exception in Paragraph 12 permitting counsel to retain a set of documents filed with the Court and attorney work product shall not apply to this Paragraph, except as to material already filed with this Court under seal.

**IT IS SO ORDERED,** this 22nd day of September, 2026.

W. Louis Sands

W. Louis Sands, Sr. Judge
United States District Court

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>EX PARTE APPLICATION OF GENERAL RETIREMENT AND SOCIAL INSURANCE AUTHORITY FOR AN ORDER TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782 | CASE NO. 7:24-mc-00002-WLS |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________, hereby certify my understanding that documents, information, and/or other material designated as "Confidential" are being provided to me pursuant to this Stipulated Protective Order ("Order") between the parties in the above-captioned case. I agree to be bound by and abide by the Order.

I further certify that I have been provided a copy of and have read the Order and hereby agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Order. I understand that violation of the Order is punishable as contempt of Court.

I further certify that I will hold in confidence, will not use and will not disclose to anyone not qualified under the Order any materials designated "Confidential," which are disclosed to me, except as otherwise permitted by the Court or by the agreement of the Parties to this case.

In accordance with Paragraphs 12 and 13 of the Order, I further understand and agree that I am to return to counsel with whom I dealt all information, documents, and other materials, marked "Confidential" together with all copies, notes, summaries, renderings, photographs,

recordings and reproductions of every kind or nature which in any way refer to information, documents, or other materials, subject to the Order. I agree that under no circumstances will I retain any duplicate of any such material. I assume all responsibility for returning this material, as set forth herein, and I bear all risks associated with the purported loss, destruction or inadvertent disclosure of such information that has been entrusted to my care.

Signature: ______________________________

Name: ______________________________

Title: ______________________________

Employer: ______________________________

Address: ______________________________

Date: ______________________________